UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JAMES HOUSTON HICKS | § | CIVIL ACTION NO. 1:10CV00020 |
| | § | |
| VERSUS | § | JUDGE TRIMBLE |
| | § | |
| INSURANCE CO. OF CORRECTIONS | § | |
| CORP OF AMERICA, ET AL | § | MAGISTRATE JUDGE KIRK |

PLAINTIFF'S SUPPLEMENTAL AND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **JAMES HOUSTON HICKS**, who desires to amend his original Complaint within the following respects:

1.

Plaintiff wishes to supplement and amend Paragraph III of his original complaint to read as follows:

"III

**PARTIES**

The parties to this action are:

A.      Plaintiff, James Houston Hicks, who may be served through counsel of record;

B.      Defendant, Corrections Corporation of America (hereafter "CCA"), a corporation contracted by the State of Louisiana Department of Corrections to provide, *inter alia*, staff to Winn Correctional Facility, which may be served through its Warden, Tim Wilkinson, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

C.      Defendant, Warden Timothy Wilkinson, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

1

D.     Defendant, Dr. Alfonzo Pacheco, in his individual and official capacity, an individual of the full age and capacity who was employed by Corrections Corporation of America at all times relevant hereto, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

E.     Defendant, Pat Thomas, Medical Director at Winn Correctional Facility, in her individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

F.     Defendant, Jay Tim Morgan, Asst. Warden at Winn Correction Facility, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

G.     Defendant, Warden Stevens, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

H.     Defendant, Virgil Lucas, Chief of Security, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

I.     Defendant, Tommy Glover, Asst. Chief of Security, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

J.     Defendant, Becky Dugan, employed in the P.E. Garment Factory, in her official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

K.     Defendant, Mr. Sanders, Building Trades/Vo-Tech Institution/CCA Security, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

L.     Defendant, Mr. Johnson, Culinary Institution/CCA Security, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

M.     Defendant, Sgt. Peter Flowers, CCA Security, in his official and individual capacity, who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

2

N.      Defendant, Mr. Mac, Body Shop Institution/CCA Security, in his official and individual capacity, who  may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483;

O.      Defendant, Angie Martin, Asst. Warden at Winn Correctional Center,  in his official and individual capacity, who  may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483; and

P.      Defendant, Mildred Melton, CCA Security,  in her official and individual capacity who may be served at Winn Correctional Facility, Gum Springs Road, Highway 560, P.O. Box 1260, Winnfield, Louisiana 71483."

2.

Plaintiff wishes to supplement and amend Paragraph IV of his original complaint to read as follows:

"IV.

## STATEMENT OF CLAIM

1.  Plaintiff shows that beginning in August of 2009, while incarcerated at Winn Correctional Center, and working in the P.E. Garment Factory located on-site, he was subjected to routine strip searches at least two times a day.

2. Plaintiff further shows that the strip searches referenced hereinabove were performed by non-medical personnel.

3. Plaintiff further shows that the strip searches referenced hereinabove were performed in unsanitary conditions and in the presence of others without probable cause or regard for the Louisiana Department of Corrections' rules and regulation governing strip searches in prison facilities.

4. Plaintiff further shows that at all times relevant to the strip searches, he was in the same unsanitary room as at least ten other men who were also being strip searched.

3

5. Plaintiff further shows that more often than not the strip searches referenced hereinabove also included a cavity search.

6. Plaintiff further shows that some of the other individuals who were being strip searched at the same time as plaintiff have been diagnosed as having HIV, Hepatitis and other serious medical conditions.

7. Plaintiff further shows that, many times relevant to the strip searches, there are female employees present or in the immediate view of the stip searches taking place.

8. Plaintiff further shows that, prior to initiating court action, he filed an ARP regarding the very facts at issue herein, thereby exhausting his administrative remedy .

9. Plaintiff further shows that, upon information and belief, at all times relevant hereto, each defendant named herein was employed by Corrections Corporation of America, pursuant to a contract with the State of Louisiana, Department of Corrections.

10. Plaintiff further shows that each of the defendant's named herein either participated in, or had personal knowledge of, the illegal strip searches that were being conducted; however, despite that participation or knowledge, each of the defendants named herein remained deliberately indifferent to the constitutional rights guaranteed plaintiff under the fourth, eighth and fourteenth amendments of the constitution.

11. Plaintiff shows that each defendant named herein acted in bad faith for knowing of, and/ or participating in, constitutional violations which had become a regular practice at Winn Correctional Center, and for failure to take corrective measures despite their knowledge that plaintiff was being subjecting to cruel and unusual punishment, unsanitary conditions, illegal strip searches and other due process violations.

4

12. Plaintiff further shows that each defendant named herein was acting "under color of state law" when he/she violated plaintiff's constitutional rights.

## COUNT 1

13. Plaintiff shows that defendants, CCA, Wilkinson, Morgan, Martin, Lucas, Stevens and Glover are sued in their official and individual capacities, for ordering and/or allowing the strip searches to be conducted in violation of his constitutional rights and in violation of Louisiana Department of Corrections rules and regulations which were in full force and effect at the time of said strip searches.

14. Plaintiff shows that Medical Director Pat Thomas and Dr. Pacheco, are sued in their official and individual capacities, for acting with deliberate indifference to plaintiff's constitutional rights guaranteed by the 4th, 8th, and 14th Amendments of the Constitution, where they possessed personal knowledge of the unsanitary conditions in the strip-search location, and unlawfulness of the strip searches being conducted by non-medical personnel, and despite that knowledge remained deliberately indifferent to same.

15. Plaintiff further shows that Defendants, Flowers, Sanders, Johnson and Mac are sued in their official and individual capacities, for acting with deliberate indifference to plaintiff's constitutional rights guaranteed by the 4th, 8th, and 14th Amendments of the Constitution, in conducting and/or participating in the illegal strip searches and visual-body cavity searches in unsanitary conditions, in direct violation of the Louisiana Department of Corrections rules and regulations governing same.

16. Plaintiff further shows that female Defendants, Melton and Dugan were present and/or in immediate view of the illegal strip searches taking place, and were often present in the hall where

5

the individuals being strip searched were re-dressing, thereby intentionally subjecting plaintiff and other inmates to humiliation with complete disregard for Louisiana Department of Corrections rules and regulations in full force and effect at all times relevant hereto, all in violation of plaintiff's constitutional rights guaranteed by the 4th, 8th, and 14th Amendments of the Constitution.

## DAMAGES

17.   Plaintiff shows that as a result of the deliberate indifference and bad faith of the defendants named herein, Plaintiff suffered both physical and mental pain and fears said mental pain and suffering may be permanent.

18.  Plaintiff's damages consist of past, present and future medical expenses; past, present and future pain, suffering, mental anguish, and distress.

19.  Plaintiff shows that plaintiff's damages, past, present, and future, were caused by the deliberate indifference and bad faith of defendants, for failure participating in, having direct knowledge of, and/or failing to take corrective measures despite their knowledge that plaintiff was being subjecting to cruel and unusual punishment, unsanitary conditions, illegal strip searches and other due process violations."

4.

Plaintiff wishes to supplement and amend Paragraph V of his original complaint to read as follows:

"V.

## RELIEF

"Wherefore, Plaintiff prays that defendants be served with this petition and cited to appear and answer same and that after all due proceedings had there be judgment herein in favor of the

6

Plaintiff and against the defendants in an amount that this Honorable Court deems fair to compensate Plaintiff for his damages.  Plaintiff further prays that he be allowed to proceed *in forma pauperis*. Plaintiff further prays that this honorable court assess punitive damages against the defendant in an amount that his honorable court deems fair and just.  Plaintiff further prays that this honorable court assess against the defendant all costs of these proceedings together with interest from the date of judicial demand. Plaintiff further prays that this Honorable Court cast judgment against the defendants for Plaintiff's attorneys' fees. Petition further prays for all other just and equitable relief for that he may be entitled."

WHEREFORE, Plaintiff prays:

1.  That Plaintiff' s "Motion to Amend/Correct Complaint" [Doc. 4], and "Amended Complaint" [Doc. 11]  be stricken from the record;

2.  That this Supplemental and Amended Complaint be filed in the suit record and that Plaintiff's Complaint be supplemented and amended as set forth herein;

3.  After the elapse of all legal delays and proceedings had, there be judgment against defendants, in such amounts as are reasonable in the premises;

4.  For attorney fees and legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings; and

5.  For all necessary orders and decrees as may be required or proper in the premises and for full, general and equitable relief.

RESPECTFULLY SUBMITTED:                RESPECTFULLY SUBMITTED:
**ROSS OWEN ATTORNEY AT LAW, LLC**      **SELF LAW FIRM, L.L.C.**


   */s Ross Owen*                          */s Jeananne R. Self*
Ross Owen, Esq.                         Jeananne R. Self, Esq.
Bar Roll # 23242                        Bar Roll # 31539
631 Milam Street; Suite 200             1000 Benton Road
Shreveport, Louisiana 71101             Bossier City, Louisiana 71111
Telephone:  (318) 221-7999              Telephone:  (318) 742-2112
Facsimile:  (318) 425-2403              Facsimile:  (318) 742-1119
Email:  ross@rossowenlaw.com            Email:  jselflaw@gmail.com
**ATTORNEY FOR PLAINTIFF**               **ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JAMES HOUSTON HICKS | § | CIVIL ACTION NO. 1:10CV00020 |
| | § | |
| VERSUS | § | JUDGE TRIMBLE |
| | § | |
| INSURANCE CO. OF CORRECTIONS | § | |
| CORP OF AMERICA, ET AL | § | MAGISTRATE JUDGE KIRK |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that  a copy of  this Motion  was filed electronically with the Clerk of Court and all counsel of record, using the CM/ECF system.

Furthermore I certify that on this date I have sent, via United States Postal Service, with proper postage paid to my client, JAMES HOUSTON HICKS, a copy of this filing.

Bossier City, Louisiana, this 22nd day of September, 2011.

_____/s Jeananne R. Self_____
JEANANNE R. SELF

9